IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

CHRISTOPHER M. BUTLER                                                                PETITIONER
*ADC #178200*

V.                              CASE NO. 2:23-cv-00105-JTK

DEXTER PAYNE                                                                          RESPONDENT
*Director, ADC*

**ORDER**

I.   **Introduction**

Christopher Butler ("Butler") is an inmate at the East Arkansas Regional Unit of the Arkansas Division of Correction (ADC). He filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. No. 1) Respondent Dexter Payne ("Payne") then filed a response, (Doc. 10) and the case is now ripe for review. For the reasoning discussed below, Butler's petition is dismissed with prejudice.

II.  **Background**

In October 2020, Butler was charged with one count of rape in Paragould, Arkansas. (Doc. Nos. 1, 10-1) He pleaded guilty to the reduced charge of second-degree sexual assault, and the Greene County Circuit Court sentenced him to 10 years' imprisonment on July 19, 2021. (Doc. No. 10-2) He did not appeal, and he is currently serving his sentence at the ADC. He filed this habeas case on April 24, 2023.

In his petition, Butler asks this Court to find him not guilty by reversing his guilty plea or to instruct the state court to reopen his case for trial. He relies on eight grounds to support his request for habeas relief: (1) ignorance of the law, (2) a coerced plea agreement, (3) actual innocence, (4) procedural bars, (5) ineffective assistance of counsel, (6) prosecutorial misconduct,

(7) complexity of state case, and (8) discovered evidence. Butler alleges that he has a mental illness and attempted suicide numerous times—which he feels should have been considered, but his attorney ignored. Due to his alleged ignorance of the law and the ineffective assistance of his counsel, he admits that he neither filed his petition within the one-year limitations period nor exhausted his state remedies.

Payne responded in opposition to Butler's habeas petition. He first contends that Butler's petition is untimely and that Butler has not shown that he is entitled to statutory or equitable tolling. Alternatively, Payne argues that Butler's claims are procedurally defaulted. In doing so, he states that Butler failed to pursue collateral review that might have been available to him under Arkansas law after pleading guilty and that those collateral-review mechanisms would be unavailable to him or inapplicable to his allegations if he was to seek such review now. Payne further argues that Butler cannot successfully demonstrate cause and prejudice or actual innocence to overcome his procedural default. Butler did not file a reply to Payne's response.

### III. Discussion

#### A. *Statute of Limitations*

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a petitioner in custody pursuant to a state court judgment must file an application for a writ of habeas corpus within a one-year limitations period. 28 U.S.C. § 2244(d)(1). The limitations period begins to run from the latest of four specified dates delineated in § 2244(d)(1). This case concerns the first and fourth of those dates.

1. 28 U.S.C. § 2244(d)(1)(A)

In a lot of cases, AEDPA's statute of limitations starts running from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking

such review." *Id.* § 2244(d)(1)(A). A person, in Arkansas, typically has 30 days from the entry of a judgment to seek direct review. *Camacho v. Hobbs*, 774 F.3d 934–35 (8th Cir. 2015). If that time expires, then the limitations period begins to run the day after the time expired to seek review. *See Gonzalez v. Thaler*, 565 U.S. 134, 137 (2012) (The judgment becomes "final" on the date that the time for seeking review expires.). For federal habeas purposes, the state's 30-day filing deadline to seek further review applies to petitioners who entered guilty pleas as well. *Camacho*, 774 F.3d 934–35.

Under this provision, Butler filed his petition outside of the limitations period. The state court filed its sentencing order July 19, 2021. Butler had until August 18, 2021, to seek direct review. He did not seek such review. Consequently, the one-year limitations period for filing his habeas petition began running August 19, 2021, the day after the time expired for Butler to seek review. Butler's limitations period ran from August 19, 2021, to August 19, 2022, and he failed to file this habeas action within that time. He filed his habeas petition April 24, 2023, more than eight months past the limitations period.

    2.   28 U.S.C. § 2244(d)(1)(D)

Although not totally clear, Butler alleges "discovered evidence" as a ground in support of his requested habeas relief. He states that there is enough evidence available to demonstrate his innocence. In additional filings, he sought to subpoena several documents such as Facebook messages between him and the victim and their Google map history that originated around the time of the crime and his arrest. (Doc. Nos. 3, 7, 15) This Court denied his requests. (Doc. No. 17)

Given his assertion about "discovered evidence" in his petition, the Court interprets this as an argument pursuant to 28 U.S.C. § 2244(d)(1)(D). That provision provides that the one-year limitations period can also run from "the date on which the factual predicate of the claim or claims

3

presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). "The factual predicate of a petitioner's claims constitutes the vital facts underlying those claims." *Jimerson v. Payne*, 957 F.3d 916, 924 (8th Cir. 2020) (quoting *Earl v. Fabian*, 556 F.3d 717, 725 (8th Cir. 2009)).

Here, Butler's habeas petition was not filed in a timely manner under § 2244(d)(1)(D). As Payne points out, Butler was aware of all alleged exculpatory Facebook messages and other evidence before entering his guilty plea. He knew that the evidence existed; so, it can hardly be said that Butler was unaware of the factual predicate of his innocence claim before his guilty plea was negotiated and entered.

On this basis, Butler's petition is time-barred under § 2244(d)(1) unless he can show that he is entitled to statutory or equitable tolling.

B. *Statutory Tolling*

The federal habeas statute provides for tolling during the pendency of "a properly filed application for State post-conviction or other collateral review." 28 U.S.C. § 2244(d)(2). Here, Butler did not pursue post-conviction relief or collateral review of his conviction. In other words, no pending matters occurred that would have effectively tolled the statute of limitations under § 2244(d)(2). Consequently, there can be no dispute that Butler's habeas petition was filed untimely unless he is entitled to equitable tolling.

C. *Equitable Tolling*

The limitations period in 28 U.S.C. § 2244(d)(1) is subject to equitable tolling. To benefit from equitable tolling, a petitioner must show that he has pursued his rights diligently and that some extraordinary circumstance stood in the way, which prevented a timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010). The burden rests solely on the petitioner to prove the grounds

4

warranting equitable tolling and to satisfy the extraordinary circumstances test. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2012).

Where a habeas petitioner has faced "the kinds of obstacles faced by many if not most habeas petitioners," equitable tolling is inappropriate because "Congress is presumed to have considered such equities" in determining that one year represents a fair and appropriate limitations period. *Runyan v. Burt*, 521 F.3d 942, 945–46 (8th Cir. 2008). A petitioner's *pro se* status, absence of legal knowledge or legal resources, or any misunderstanding about the federal limitations period or state postconviction law, have been held not to justify equitable tolling. *See, e.g.*, *Earl*, 556 F.3d at 724–25 (8th Cir. 2009) (no equitable tolling due to belated receipt of case file, *pro se* status, lack of access to legal materials, and restricted time in library); *Shoemate v. Norris*, 390 F.3d 595, 597–98 (8th Cir. 2004) (no equitable tolling due to petitioner's misapprehension of state postconviction procedures, *pro se* status, lack of legal experience, or legal resources). Likewise, an ineffective assistance of counsel argument typically does not warrant equitable tolling. *See Beery v. Ault*, 312 F.3d 948, 951 (8th Cir. 2002).

Butler has not shown that he is entitled to equitable tolling. He has failed to show that he pursued his rights diligently. Furthermore, the record is devoid of any extraordinary circumstances that prevented him from timely filing his habeas petition. Neither can he claim a lack of legal experience nor can he claim ineffective assistance of counsel to equitably toll the limitations period here. Therefore, Butler's habeas petition must be dismissed as time-barred unless he can demonstrate actual innocence.

D. *Actual Innocence*

Butler does not provide much argument regarding his actual-innocence claim. He asserts that he pleaded guilty to sexual assault due to ignorance of law and out of fear for being wrongfully

convicted of a harsher crime at trial. He concludes that he is innocent and states that he would like to prove his innocence.

The Supreme Court held "that actual innocence, if proved, serves as a gateway through which a petitioner may pass . . . [the] expiration of the statute of limitations." *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). "This rule, or fundamental miscarriage of justice exception, is grounded in the 'equitable discretion' of habeas courts to see that federal constitutional errors do not result in the incarceration of innocent persons." *Id.* at 392 (quoting *Herrera v. Collins,* 506 U.S. at 390, 404 (1993)). The Court warned "that tenable actual-innocence gateway pleas are rare: '[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *Id*. at 386 (quoting *Schlup v. Delo,* 513 U.S. 298, 329 (1995)).

In other words, this Court must decide whether Butler has overcome the one-year AEDPA time limit by presenting "evidence of innocence so strong that the Court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *Schlup*, 513 U.S. at 316. That, he has not done.

Butler's untimeliness is not excused under the actual-innocence exception because he has not provided allegations of any new evidence to support it. Plus, Butler pleaded guilty in the underlying state case. "A guilty plea is the antithesis of actual innocence." *Muhammad v. Payne*, No. 4:20-CV-01477-BRW-JTK, 2021 WL 6337670, at *3 (E.D. Ark. Dec. 22, 2021), *report and recommendation adopted*, No. 4:20-CV-01477-BRW-JTK, 2022 WL 90075 (E.D. Ark. Jan. 7, 2022). "Solemn declarations – including guilty pleas – in open court carry a strong presumption of verity." *Id*. (citing *Blackledge v. Allison*, 431 U.S. 63, 73 (1977)). Given this, Butler has not sufficiently alleged actual innocence, and he, therefore, filed an untimely habeas petition.

## IV. Conclusion

Butler's claims for federal habeas relief were not filed within AEDPA's one-year statute of limitations. He is not entitled to statutory or equitable tolling, and his claims cannot be saved by the actual-innocence exception. Thus, his claims are time-barred, and his petition for writ of habeas corpus is DISMISSED with prejudice.[1]

Furthermore, when entering a final order adverse to a state petitioner, the Court must issue or deny a certificate of appealability. *See* R. Governing § 2254 Cases, R.11. The Court can issue a certificate of appealability only if Butler has made a substantial showing that he was denied a constitutional right. 28 U.S.C. § 2253(c)(1)-(2). In this case, Butler has not justified the need for this Court to issue a certificate of appealability. Accordingly, a certificate of appealability is DENIED.

SO ORDERED this 3rd day of April, 2025.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE

---

[1] Because Butler's claims are untimely, the Court need not address Payne's alternative argument that Butler's claims are procedurally defaulted.